# EXHIBIT 2

WILMER CUTLER PICKERING
  HALE AND DORR LLP
William F. Lee (*pro hac vice*)
  william.lee@wilmerhale.com
Louis W. Tompros (*pro hac vice*)
  louis.tompros@wilmerhale.com
Dominic E. Massa (*pro hac vice*)
  dominic.massa@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Mark D. Selwyn (SBN 244180)
  mark.selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Fax: (650) 858-6100

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Amanda L. Major (*pro hac vice*)
  amanda.major@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for Defendant Intel Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| VLSI TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | Case No. 5:17-cv-05671-BLF <br><br> **INTEL CORPORATION'S NOTICE OF SUBPOENA TO FORTRESS INVESTMENT GROUP LLC** <br><br> Judge: Hon. Beth Labson Freeman |

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 26, 34, and 45, Defendant Intel Corporation will serve Fortress Investment Group LLC with the attached subpoena for the production of documents and things. Pursuant to the subpoena, the documents and things are to be produced by 9:00 AM on January 18, 2018 at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007, or at such other mutually agreeable location, date, and time.

The subpoena and its schedule describing the relevant subject matter are attached.

Dated: December 28, 2017

WILMER CUTLER PICKERING
  HALE AND DORR LLP

/s/ *Amanda L. Major*
Amanda L. Major (*pro hac vice*)
amanda.major@wilmerhale.com
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Fax: (202) 663-6363

***Attorney for Defendant Intel Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail on December 28, 2017 on counsel of record for VLSI Technology LLC. I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 28, 2017	/s/ *Amanda L. Major*
Amanda L. Major

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| VLSI Technology LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:17-cv-05671-BLF |
| Intel Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Fortress Investment Group LLC, c/o Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street, New York, NY 10007 | Date and Time:<br>01/18/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/28/2017

CLERK OF COURT

_____  OR  *Amanda L. Major* (signature)
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Intel Corporation
_____, who issues or requests this subpoena, are:

Amanda L. Major, Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Ave. NW, Washington, DC, 20006, amanda.major@wilmerhale.com, (202) 663-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:17-cv-05671-BLF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1. "Fortress," "You," and/or "Your" means Fortress Investment Group LLC and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

2. "Intel" means Intel Corporation and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3. "VLSI" and/or "Plaintiff" means VLSI Technology LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiary entities, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Plaintiff, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

4. "CF VLSI Holdings LLC" means CF VLSI Holdings LLC and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

5. "NXP" means NXP USA, Inc., NXP Semiconductor N.V., NXP B.V., NXP Semiconductors USA, Inc., and their subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on their behalf.

6. "Freescale Semiconductor, Inc." means Freescale Semiconductor, Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

7. "Litigation" means the above-referenced action, 5:17-cv-05671-BLF, in the United States District Court for the Northern District of California.

8. "Asserted Patents" shall mean United States Patent Nos. 7,268,588, 7,675,806, 7,706,207, 7,709,303, 8,004,922, 8,020,014, 8,268,672, and 8,566,836, individually and collectively, and all Related Patents.

9. "'588 Patent" shall mean U.S. Patent No. 7,268,588, issued on September 11, 2007, and entitled "Cascadable Level Shifter Cell," and all Related Patents.

10. "'806 Patent" shall mean U.S. Patent No. 7,675,806, issued on March 9, 2010, and entitled "Low Voltage Memory Device and Method Thereof," and all Related Patents.

11. "'207 Patent" shall mean U.S. Patent No. 7,706,207, issued on April 27, 2010, and entitled "Memory with Level Shifting Word Line Driver and Method Thereof," and all Related Patents.

12. "'303 Patent" shall mean U.S. Patent No. 7,709,303, issued on May 4, 2010, and entitled "Process for Forming an Electronic Device Including a Fin-type Device," and all Related Patents.

13. "'922 Patent" shall mean U.S. Patent No. 8,004,922, issued on August 23, 2011, and entitled "Power Island with Independent Power Characteristics for Memory and Logic," and all Related Patents.

14. "'014 Patent" shall mean U.S. Patent No. 8,020,014, issued on September 13, 2011, and entitled "Method for Power Reduction and a Device Having Power Reduction Capabilities," and all Related Patents.

15. "'672 Patent" shall mean U.S. Patent No. 8,268,672, issued on September 18, 2012, and entitled "Method of Assembly and Assembly Thus Made," and all Related Patents.

16. "'836 Patent" shall mean U.S. Patent No. 8,566,836, issued on October 22, 2013, and entitled "Multi-Core System on Chip," and all Related Patents.

17. "Named Inventors" means the Persons named as inventors on any of the Asserted Patents and any Related Patents.

18. "Other Portfolio Patent(s)" means any U.S. or foreign patent or patent application, or group of U.S. or foreign patents or patent applications, other than the Asserted Patents and Related Patents, that was or is assigned to VLSI Technology, Inc., Koninklijke Philips N.V., Philips Semiconductors, NXP, Freescale Semiconductor, Inc., or Motorola, Inc.

19. "Prior Art" means all publications, patents, physical devices, prototypes, Products, uses, sales, offers for other activity concerning the subject matter of the Asserted Patents, or Related Patents, and existing on, or occurring at, a Date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

20. "Related Patent(s)" means any U.S. or foreign patent and patent application for which any applicant is also a named inventor on any Asserted Patent, including any continuation, continuation in part, divisional, provision, reexamination, reissue, or any other patent or patent application, whether domestic or foreign (including rejected, abandoned, or pending applications). Any Request that concerns the "Related Patent(s)" is meant to cover the Related

Patents as a whole plus each and every individual patent and/or patent application in the Related Patents.

20. "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components/parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale, or under development.

22. "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

23. "Interest" means a financial interest of any kind in the subject matter of this Litigation, any party to this Litigation, or any other interest that could be substantially affected by the outcome of this Litigation.

24. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

25. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

26. "Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

27. "Date(s)" shall mean the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.

28. "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

29. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

30. The singular form of a word shall be interpreted as plural, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

31. The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

32. The term "all" is to be construed to mean "any" and "each" and vice versa.

33. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

34. "Identify" means (1) when referring to a Person, the Person's full name, present or last known address and telephone number, and the last known title and place of employment; (2) when referring to non-patent Documents, the production number or type of Document, its general nature and subject matter, date of creation, and all author(s), addresses(s), and recipient(s); (3) when referring to patent Documents, the country, patent and/or application number, dates of filing, publications, and grant, and the names of patentees or applicants; and (4) when referring to a source or Thing, sufficient information to identify the location, ownership, and nature of such source or Thing.

**INSTRUCTIONS**

The following instructions shall apply to all the below Requests and should be considered part of each Request.

1. Fortress shall produce all responsive Documents (including any stored by electronic means). If Fortress is withholding or intends to withhold any Documents or Things responsive to these requests, Fortress is requested to state the basis for withholding the Document in a manner sufficient to enable Intel and the Court to adjudicate the validity of its withholding. In the case of any Documents and Things being withheld on the grounds of attorney-client privilege, work-product doctrine, or other privilege doctrine or immunity, please also provide a privilege log identifying the following information for each Document or Thing:

    a. the request to which the Document is responsive;

    b. the title of the Document;

    c. the date appearing on the Document, and if no date appears thereon, so state and give the date, or approximate date, on which the Document was prepared;

d. the type or general nature of the Document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.);

e. number of pages;

f. attachments;

g. appendices;

h. the name, title, and company affiliation of the Person who prepared the Document;

i. the name, title, and company affiliation of each Person to whom the Document was disclosed, including the Person or Persons to whom it was addressed and the Person or Persons who received the Document, or copies of the Document, including blind copy recipients, and any individual who whom the Document was distributed shown or explained;

j. the name, title, and company affiliation of the Person or Persons who maintain custody of the Document; and

k. the general subject matter of the Document and the basis for withholding the Document, in a manner sufficient for Intel and the Court to determine the validity of Fortress's withholding.

2. Produce all responsive Documents in Your actual or constructive possession, custody, or control, or the actual or constructive possession, custody, or control of Your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on Your behalf. Documents in Your actual or constructive possession, custody, or control include documents stored in electronic form on a server controlled by a related or unrelated entity (including but not limited to subsidiary companies, parent companies, subsidiaries of parent

companies, and unrelated third parties) that You have the ability to access as part of the ordinary course of business. You are to produce entire Documents, including attachments, enclosures, cover letters, memoranda, and appendices.

3. Each Document is to be produced along with all nonidentical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business. In the event that multiple copies of a Document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

4. If a responsive Document is not in Your possession, custody, or control, Identify the names of the Persons who have possession, custody, or control of such Document. If such Document was in Your possession, custody, or control in the past but is no longer in Your possession, custody, or control, state what disposition was made of it, the reasons for such disposition, Identify any Persons having any knowledge of said disposition, and Identify the Persons responsible for such disposition.

5. If a responsive Document has been destroyed or is alleged to have been destroyed, state the reasons for its destruction, the names of the Persons having any knowledge of its destruction and the names of the Persons responsible for its destruction.

6. If Fortress contends that any Request is objectionable in whole or in part, Fortress shall state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Request insofar as it is not deemed objectionable.

7. If Fortress finds the meaning of any term in these Requests unclear or ambiguous, Fortress shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

8. The Documents produced in response to these Requests shall be (a) organized and designated to correspond to the categories in these Requests or, if not, (b) produced as they are maintained in the normal course of business, and in either case: (i) all associated file labels, file headings, and file folders shall be produced together with the responsive Documents from each file and each file shall be identified as to its owner or custodian; (ii) all Documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies; (iii) all photocopies shall be stapled or clipped as the originals; and (iv) each page shall be given a discrete production number.

9. None of the Definitions or Requests set forth above shall be construed as an admission relating to the existence of evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

10. These Requests are continuing in nature and require supplemental or additional responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**DOCUMENT REQUESTS**

1. All Documents, Communications, and Things referring or Relating to the acquisition, sale, license, assignment, or enforcement of the Asserted Patents or Related Patents.

2. All Documents, Communications, and Things referring or Relating to efforts to acquire, sell, license, assign, or enforce the Asserted Patents or Related Patents, including without limitation all Documents, Communications, and Things referring or Relating to offers to sell, license, or assign, or negotiations or settlement discussions concerning, any of the Asserted Patents or Related Patents.

3. All Documents, Communications, and Things referring or Relating to any valuation (third party or internal) of (a) the Asserted Patents; (b) the Related Patents; (c) any

Asserted Patent; (d) any Related Patent; and (e) any group of patents that includes at least one of the Asserted Patents. This includes without limitation all investor presentations.

4. All Documents, Communications, and Things referring or Relating to any valuation (third party or internal) of any Other Portfolio Patent(s).

5. Documents sufficient to Identify the three Persons at Fortress most knowledgeable about the transfer of the Asserted Patents or Related Patents to VLSI.

6. All Documents referring or Relating to Your interactions with NXP, Freescale Semiconductor, Inc., and/or Michael Stolarski regarding any potential transaction concerning the Asserted Patents, any group of patents that includes at least one of the Asserted Patents, Related Patents, or any Other Portfolio Patent(s), including but not limited to patent analyses, why these particular patents were discussed and/or selected for discussion, valuations, and/or estimates or projections of potential financial returns.

7. All Documents Relating to the Interest of Fortress in this Litigation and/or the Asserted Patents, including estimates or projections regarding potential royalty returns or other income from the Asserted Patents.

8. All Documents Relating to funding, financing, or investing in VLSI, CF VLSI Holdings LLC, this Litigation, the enforcement of the Asserted Patents, and/or the maintenance of the Asserted Patents, including but not limited to all agreements concerning the same.

9. All Documents Relating to the relationship between Fortress, on the one hand, and NXP and/or Freescale Semiconductor, Inc., on the other hand.

10. Documents sufficient to show Your corporate structure, including all funds and subsidiaries, and Your relationship (including but not limited to all financial arrangements) to CF VLSI Holdings LLC and/or VLSI.

11. Documents Relating to Your strategy for investing in patents and/or litigation, including but not limited to Documents provided to or presented to investors or prospective investors, as well as Documents describing any analyses conducted and/or criteria used in making decisions whether to invest in patents and/or litigation.

12. All Documents Relating to or constituting Communications between or among Fortress, NXP, Freescale Semiconductor, Inc., VLSI, CF VLSI Holdings LLC, and/or Michael Stolarski Relating to any Other Portfolio Patent(s), any Asserted Patent(s), or any Related Patent(s) (including but not limited to any discussion concerning licensing or ownership); this Litigation; or Intel.

13. All Communications with Michael Stolarski, VLSI, and/or CF VLSI Holdings LLC.

14. All Communications with any Entity or Person purporting to be VLSI's legal counsel, including without limitation Bunsow De Mory LLP.

15. All Documents, Communications, and Things referring or Relating to the circumstances by which Fortress and/or any owner of the Asserted Patents or Related Patents first became aware of any alleged, actual, or perceived infringement of the Asserted Patents or Related Patents involving Intel or Intel components or products.

16. All Documents Relating to claims and/or potential claims in the Litigation, including the estimated value of the Litigation, the potential damages recovery, the infringement allegations and theories, any analysis of potential invalidity, enforceability, or other defenses, and any assessment of purported strength or weakness associated with the Litigation.

17. Documents sufficient to Identify the three Fortress employees, officers, outside counsel, and/or other personnel most knowledgeable regarding any license, sub-license, settlement, covenant not to sue, or any other agreement, or offers for the same, under which any

owner of the Asserted Patents or Related Patents has granted or received, or offered to grant or sought to obtain, any rights concerning the Asserted Patents, including without limitation any and all royalty or other payments made or to be made under such license, sub-license, settlement, covenant, or other agreement or offer.

18. All Documents Relating to or analyzing the value of, or purporting to value, any patent or group of patents owned or licensed by Fortress, CF VLSI Holdings LLC, or VLSI.

19. All Documents Relating to any legal proceeding or any threatened legal proceeding—including, but not limited to any lawsuits, judicial proceedings, arbitrations, patent interference proceedings, appeal proceedings, reissue or reexamination proceedings, or patent oppositions or cancellation proceedings—Relating to each and any of the Asserted Patents and/or Related Patents.

20. All Documents, Communications, and Things referring or Relating to any involvement by Fortress and/or Michael Stolarski in the formation of VLSI and/or CF VLSI Holdings LLC.

21. All Documents, Communications, and Things referring or Relating to any Fortress employee, officer, or director's status, including without limitation Eran Zur's status, as an "authorized signatory" for VLSI and/or CF VLSI Holdings LLC.

22. All agreements between Fortress, on the one hand, and VLSI and/or CF VLSI Holdings LLC, on the other hand.

23. All agreements between Michael Stolarski, on the one hand, and Fortress, VLSI, and/or CF VLSI Holdings LLC, on the other hand.

24. All Documents Relating to the Asserted Patents.

25. All Documents Relating to any Prior Art, or possible Prior Art, to the subject matter of any claim of the Asserted Patents and Related Patents, including any art not provided to the U.S. Patent Office during the prosecution of the Asserted Patents. This includes without limitation all Prior Art to the Asserted Patents and Related Patents in the possession, custody, or control of Fortress, all Documents Relating to any search for or evaluation, analysis, or review of any Prior Art Relating to the Asserted Patents and Related Patents, and Documents or information Relating to patents, publications, prior knowledge, public uses, sales, or offers for sale.

26. All Documents Relating to any criticism of any of the Asserted Patents or Related Patents.

27. All Documents Relating to any alleged benefit attributable to any of the alleged inventions of the Asserted Patents, any customer demand for any of the alleged inventions of the Asserted Patents, any marketing of the alleged inventions of the Asserted Patents, and/or any revenues from any sales attributable to the alleged inventions of the Asserted Patents.