# EXHIBIT 3

Henry C. Bunsow (SBN 60707)
Denise De Mory (SBN 168076)
Craig Y. Allison (SBN 161175)
John Beynon (SBN 233581)
Dino Hadzibegovic (SBN 267489)
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA  94063
Telephone:  (650) 351-7248
Facsimile:  (415) 426-4744
Email:  hbunsow@bdiplaw.com
Email:  ddemory@bdiplaw.com
Email:  callison@bdiplaw.com
Email:  jbeynon@bdiplaw.com
Email:  dhadzibegovic@bdiplaw.com

*Counsel for Non-Party*
FORTRESS INVESTMENT GROUP LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | CASE NO. 3:17-cv-05671-BLF<br><br>**OBJECTIONS AND RESPONSES TO INTEL CORPORATION'S NOTICE OF SUBPOENA TO FORTRESS INVESTMENT GROUP LLC** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Third Party Fortress Investment Group LLC ("Fortress") hereby objects and responds to Defendant Intel Corporation's ("Intel") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena").

## INTRODUCTION

Fortress objects to the vagueness and the breadth of the subject matter of Intel's requests in its Subpoena, particularly in light of the short timeframe in which Intel demanded a response from a non-party, making Intel's requests unduly burdensome. Intel's Subpoena does not frame requests in a way allowing for them to be meaningfully responded to, nor are the requests drafted to avoid undue burden or hardship in responding. Fortress objects to the extent that Intel purports to require the collection or production of any materials that are not relevant to this litigation.

Any production or disclosure in this matter is made without waiver of any privilege or protection, is made subject to the Northern District of California model protective order for litigation involving patents (pursuant to Patent L.R. 2-2) until the parties in this case agree to the terms of a stipulated Protective Order, under which any documents produced by Fortress in this litigation will be subject.

## GENERAL OBJECTIONS

The following General Objections apply to, and are incorporated by reference in, each and every response to each specific request for production. Fortress's identification of one or more specific objections in any given response does not preclude the applicability of any of the General Objections. From time to time, these responses may repeat a General Objection for emphasis or other basis. The omission of any General Objection in any response is not intended to be and should not be construed as a waiver or limitation of any General Objection. Likewise, the inclusion of any additional specific objection in any response is not intended to be and should not be construed as a waiver or limitation of any General Objection.

1.      Fortress objects to each request to the extent it seeks documents or information protected by: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the common

interest privilege; (d) a constitutional right to privacy; (e) a statutory privacy obligation; or (f) any other privilege or protection afforded by law. Such protected material may include the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege or protection. Any inadvertent production of information or documents subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.      Fortress objects to each request to the extent that it seeks information protected by a nondisclosure agreement with a third party, or is subject to similar confidentiality requirements. Although the Parties have not yet executed a Confidentiality Agreement, to the extent that Fortress provides responses or information marked as Confidential or Attorneys' Eyes Only, such information is provided with the understanding that such items are to be treated in accordance with corresponding (or similar) provisions of the Confidentiality Agreement ultimately entered in this action.

3.      Fortress objects to each request as overly broad and unduly burdensome to the extent it seeks information beyond what is available from a reasonable search of files under the possession, custody, or control of Fortress likely to contain relevant or responsive documents and a reasonable inquiry of personnel that Fortress reasonably believes may have relevant knowledge of relevant or responsive documents.

4.      Fortress objects to each request to the extent that it seeks the production of materials or documents in any manner that is inconsistent with the agreements set forth in the Joint Case Management Statement [Dkt. No. 41] and Case Management Order [Dkt. No. 44].

5.      Fortress objects to each request to the extent that it is compound or duplicative of other requests.

6.      Fortress objects to Intel's definitions and instructions to the extent that they purport to impose requirements that are different from, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, agreements set forth in the Joint Case Management Statement, the Case Management Order, or any other applicable rule or statute, and

will construe the requests in a manner consistent with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Parties' prior and subsequent Agreement(s).

7. Fortress objects to Intel's definitions and requests to the extent that they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the request vague, ambiguous, overly broad, and uncertain.

8. Fortress objects to each request to the extent that it purports to require the preparation of a privilege log for privileged documents generated after the filing of this lawsuit, or for communications between legal counsel for Fortress and Fortress, or work product documents that reflect work of counsel for Fortress, even if created before the filing date of the complaint, or which otherwise conflicts with the agreement set forth in the Joint Case Management Statement and Case Management Order. Inclusion of such material in any privilege log would be unduly burdensome and likely to reveal privileged or other protected information.

9. Fortress objects to each request to the extent that it seeks information that is not relevant to any claim or defense in this action or is not reasonably calculated to lead to the discovery of admissible evidence.

10. Fortress objects to the extent that any request seeks information beyond the geographic or temporal scope of this matter.

11. Fortress objects to Intel's requests to the extent that they seek expert analyses and opinions prior to the time for such disclosure, or seek to require Fortress to produce any draft reports or similar materials barred from discovery under Fed. R. Civ. P. 26(b)(4).

12. Fortress objects to each request to the extent that it seeks the disclosure of "all" information or documents on the basis that such request is overly broad, unduly burdensome, oppressive and not relevant to any claim or defense of any party to this action.

13. Fortress objects to Intel's requests to the extent they are vague, ambiguous, overly broad, fail to reasonably identify the information sought, unduly burdensome, and posed for improper purposes, including, without limitation, embarrassment, undue annoyance, harassment, delay, or to increase the expense of litigation or to the extent they call for legal conclusion or opinion.

14.     Fortress objects to Intel's requests to the extent that they seek information that is a matter of public record or is equally available to or readily ascertainable by Intel from some other source that is more convenient, less burdensome, or less expensive. To the extent that a discovery request seeks publicly available information, Fortress will produce publicly available information within its possession, custody, or control, but will not conduct public records searches for documents or information.

15.     Any response by Fortress shall not be construed as providing or agreeing to any legal conclusion regarding the meaning or application of any terms or phrases used in any of Intel's requests, definitions, or instructions. Nothing shall be construed herein as an admission regarding the admissibility or relevance of any information or document.

16.     Fortress objects to each request to the extent that it seeks information or the identification of documents that are not within the possession, custody, or control of Fortress, or refers to persons, entities, or events not known to Fortress, subjecting Fortress to unreasonable and undue annoyance, oppression, burden, and expense, and imposing upon them an obligation to discover information or materials from third parties or services who are equally accessible to Intel.

17.     Fortress objects to each request to the extent that it requests Fortress to prepare any document or other information that does not already exist.

18.     Fortress objects to Intel's definitions of "Fortress," "You," and "Your" as overly broad and unduly burdensome and to the extent that they purport to require a response on behalf of any corporate entity other than Fortress, the party to this proceeding. Fortress further objects on the grounds that Intel purports to extend Requests containing these terms to cover information outside the possession, custody or control of the Fortress, or to the extent that this definition includes entities or persons who are not a party to this lawsuit.

19.     Fortress objects to Intel's definition of "Related Patent" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Fortress further objects to Intel's definition of the term as overly broad and unduly burdensome to the extent that it describes information beyond what is available from a reasonable inquiry of Fortress's employees and a

reasonable search of Fortress's documents in those locations and files that are readily identifiable as those that would have responsive information.

20. Fortress objects to the definitions of "Asserted Patents" and "Related Patents" as overbroad and unduly burdensome, on the ground that they purport to include "foreign patent and patent application for which any applicant is also a named inventor on any Asserted Patent and that concerns the same or similar subject matter as any Asserted Patent, including any continuation, continuation in part, divisional, provision, reexamination, reissue, or any other patent or patent application, whether domestic or foreign (including rejected, abandoned, or pending applications)" of the asserted patents. Fortress will interpret "Asserted Patent" to mean only the eight patents asserted in this action. Fortress will interpret "Related Patent" in its common, ordinary sense, i.e., a patent or application that is related to one of the eight Asserted Patents by a parent-child relationship or by issuing from a common parent application, or a foreign equivalent.

21. Fortress objects to the definition of "Interest" as overly broad and unduly burdensome as it is defined without reasonable limitation.

22. Fortress objects to the definition of "Other Portfolio Patent(s)" overly broad and unduly burdensome to the extent it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Fortress further objects to Intel's definition of the term as overly broad and unduly burdensome to the extent that it describes information beyond what is available from a reasonable inquiry of Fortress's employees and a reasonable search of Fortress's documents in those locations and files that are readily identifiable as those that would have responsive information. Fortress will interpret "Other Patent(s)" as covering patents or applications assigned to VLSI Technology by any of the entities listed in the definition.

23. Fortress objects to Intel's definition of "Prior Art" to the extent that it calls for a legal conclusion, and because it is vague and ambiguous. The identification of any document or information in response to any Interrogatory or Request seeking information concerning "Prior Art" shall not be deemed an admission concerning the nature of such document or information.

24. Unless otherwise indicated, any response or objection that references the production of "documents" applies with equal force to any request for the production of "things."

25. Fortress reserves the right to supplement or amend its objections and productions any response in light of further Orders of the Court, arguments of any party, stipulations or agreements regarding the discovery of electronically stored information ("ESI"), or in light of the receipt of discovery or evidence that is not yet in its possession.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All Documents, Communications, and Things referring or Relating to the acquisition, sale, license, assignment, or enforcement of the Asserted Patents or Related Patents.

### RESPONSE TO REQUEST NO. 1:

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents, Communications, and Things," and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce relevant non-privileged and responsive documents within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

### REQUEST NO. 2:

All Documents, Communications, and Things referring or Relating to efforts to acquire, sell, license, assign, or enforce the Asserted Patents or Related Patents, including without limitation all Documents, Communications, and Things referring or Relating to offers to sell, license, or assign, or negotiations or settlement discussions concerning, any of the Asserted Patents or Related Patents.

**RESPONSE TO REQUEST NO. 2:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents, Communications, and Things," and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "efforts to acquire, sell, license, assign, or enforce," "Related Patents," and "concerning." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce relevant non-privileged and responsive documents within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

**REQUEST NO. 3:**

All Documents, Communications, and Things referring or Relating to any valuation (third party or internal) of (a) the Asserted Patents; (b) the Related Patents; (c) any Asserted Patent; (d) any Related Patent; and (e) any group of patents that includes at least one of the Asserted Patents. This includes without limitation all investor presentations.

**RESPONSE TO REQUEST NO. 3:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held

by entities other than Fortress.  Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence.  Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents, Communications, and Things," and is not limited in time or subject matter.  Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents.  Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "Related Patents," and "investor presentations." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Fortress is willing to meet-and-confer with Intel regarding the production of investor presentations, the proper scope of the request, as well as whether Intel has a legal basis to request such documents via subpoena from non-party Fortress.  Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will otherwise produce relevant non-privileged and responsive documents within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

**REQUEST NO. 4:**

All Documents, Communications, and Things referring or Relating to any valuation (third party or internal) of any Other Portfolio Patent(s).

**RESPONSE TO REQUEST NO. 4:**

Fortress incorporates by reference its General Objections.  Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress.  Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence.  Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to

Fortress, including because it seeks "All Documents, Communications, and Things," and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "valuation," and "Other Portfolio Patent(s)." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, as well as whether Intel has a legal basis to request documents via subpoena from non-party Fortress.

**REQUEST NO. 5:**

Documents sufficient to Identify the three Persons at Fortress most knowledgeable about the transfer of the Asserted Patents or Related Patents to VLSI.

**RESPONSE TO REQUEST NO. 5:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "Related Patents." Fortress objects to the extent that this request purports to require the production of information already produced by another entity. Fortress further objects to this

request to the extent it seeks to obligate Fortress to generate documents "sufficient to Identify" or reach a conclusion about the "Persons at Fortress most knowledgeable."

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it is unaware of documents in its possession, custody, or control that are responsive to this request.

**REQUEST NO. 6:**

All Documents referring or Relating to Your interactions with NXP, Freescale Semiconductor, Inc., and/or Michael Stolarski regarding any potential transaction concerning the Asserted Patents, any group of patents that includes at least one of the Asserted Patents, Related Patents, or any Other Portfolio Patent(s), including but not limited to patent analyses, why these particular patents were discussed and/or selected for discussion, valuations, and/or estimates or projections of potential financial returns.

**RESPONSE TO REQUEST NO. 6:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "Related Patents," "Other Portfolio Patent(s)," and "patent analyses." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

OBJECTIONS AND RESPONSES TO INTEL CORPORATION'S NOTICE OF SUBPOENA TO FORTRESS INVESTMENT GROUP LLC

CASE NO. 3:17-CV-05671-BLF

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce non-privileged and responsive documents reasonably related to the subject matter of this action within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

**REQUEST NO. 7:**

All Documents Relating to the Interest of Fortress in this Litigation and/or the Asserted Patents, including estimates or projections regarding potential royalty returns or other income from the Asserted Patents.

**RESPONSE TO REQUEST NO. 7:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "estimates or projections." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, the proper scope of the request, as well as whether Intel has a legal basis to request such documents via subpoena from non-party Fortress.

**REQUEST NO. 8:**

All Documents Relating to funding, financing, or investing in VLSI, CF VLSI Holdings LLC, this Litigation, the enforcement of the Asserted Patents, and/or the maintenance of the Asserted Patents, including but not limited to all agreements concerning the same.

**RESPONSE TO REQUEST NO. 8:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "funding, financing, or investing" and "maintenance." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, the scope of the request, as well as whether Intel has a legal basis to request documents via subpoena from non-party Fortress.

**REQUEST NO. 9:**

All Documents Relating to the relationship between Fortress, on the one hand, and NXP and/or Freescale Semiconductor, Inc., on the other hand.

**RESPONSE TO REQUEST NO. 9:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "relationship." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce relevant non-privileged and responsive documents within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

**REQUEST NO. 10:**

Documents sufficient to show Your corporate structure, including all funds and subsidiaries, and Your relationship (including but not limited to all financial arrangements) to CF VLSI Holdings LLC and/or VLSI.

**RESPONSE TO REQUEST NO. 10:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably

calculated to lead to the discovery of admissible evidence.  Fortress objects that this request is

overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to

Fortress, including because it is not limited in time or subject matter.  Fortress also objects that

this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary

expense to Fortress, including because of the breadth of the requested materials and documents.

Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases

"corporate structure." Fortress objects to the extent that this request purports to require the

production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is

willing to meet-and-confer with Intel regarding the subject matter of this request, the scope of the

request, as well as whether Intel has a legal basis to request such documents via subpoena from

non-party Fortress.

**REQUEST NO. 11:**

Documents Relating to Your strategy for investing in patents and/or litigation, including

but not limited to Documents provided to or presented to investors or prospective investors, as

well as Documents describing any analyses conducted and/or criteria used in making decisions

whether to invest in patents and/or litigation.

**RESPONSE TO REQUEST NO. 11:**

Fortress incorporates by reference its General Objections.  Fortress objects to the extent

that this request seeks the production of documents or materials that are or may be privileged or

subject to work product protection, including because those privileges or protections may be held

by entities other than Fortress.  Fortress objects to the extent that this request seeks information

that is not relevant to the claim or defense of any party to the litigation, or is not reasonably

calculated to lead to the discovery of admissible evidence.  Fortress objects that this request is

overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to

Fortress, including because it is not limited in time or subject matter.  Fortress also objects that

this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary

expense to Fortress, including because of the breadth of the requested materials and documents.

Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "strategy for investing in patents and/or litigation," and "analyses conducted and/or criteria used in making decisions whether to invest in patents and/or litigation." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, as well as whether Intel has a legal basis to request such documents via subpoena from non-party Fortress.

**REQUEST NO. 12:**

All Documents Relating to or constituting Communications between or among Fortress, NXP, Freescale Semiconductor, Inc., VLSI, CF VLSI Holdings LLC, and/or Michael Stolarski Relating to any Other Portfolio Patent(s), any Asserted Patent(s), or any Related Patent(s) (including but not limited to any discussion concerning licensing or ownership); this Litigation; or Intel.

**RESPONSE TO REQUEST NO. 12:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce non-privileged and responsive documents reasonably related to the

subject matter of this action within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

**REQUEST NO. 13:**

All Communications with Michael Stolarski, VLSI, and/or CF VLSI Holdings LLC.

**RESPONSE TO REQUEST NO. 13:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Communications" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce non-privileged and responsive communications reasonably related to the subject matter of this action within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

**REQUEST NO. 14:**

All Communications with any Entity or Person purporting to be VLSI's legal counsel, including without limitation Bunsow De Mory LLP.

**RESPONSE TO REQUEST NO. 14:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held

by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Communications" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, as well as whether Intel has a legal basis to request such documents via subpoena from non-party Fortress.

**REQUEST NO. 15:**

All Documents, Communications, and Things referring or Relating to the circumstances by which Fortress and/or any owner of the Asserted Patents or Related Patents first became aware of any alleged, actual, or perceived infringement of the Asserted Patents or Related Patents involving Intel or Intel components or products.

**RESPONSE TO REQUEST NO. 15:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents, Communications, and Things" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including

because of the breadth of the requested materials and documents. Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases "Related Patents." Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce relevant non-privileged and responsive documents within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

**REQUEST NO. 16:**

All Documents Relating to claims and/or potential claims in the Litigation, including the estimated value of the Litigation, the potential damages recovery, the infringement allegations and theories, any analysis of potential invalidity, enforceability, or other defenses, and any assessment of purported strength or weakness associated with the Litigation.

**RESPONSE TO REQUEST NO. 16:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, the proper scope

1  of the request, as well as whether Intel has a legal basis to request such documents via subpoena

2  from non-party Fortress.

3  **REQUEST NO. 17:**

4        Documents sufficient to Identify the three Fortress employees, officers, outside counsel,

5  and/or other personnel most knowledgeable regarding any license, sub-license, settlement,

6  covenant not to sue, or any other agreement, or offers for the same, under which any owner of the

7  Asserted Patents or Related Patents has granted or received, or offered to grant or sought to obtain,

8  any rights concerning the Asserted Patents, including without limitation any and all royalty or

9  other payments made or to be made under such license, sub-license, settlement, covenant, or other

10  agreement or offer.

11  **RESPONSE TO REQUEST NO. 17:**

12        Fortress incorporates by reference its General Objections.  Fortress objects to the extent

13  that this request seeks the production of documents or materials that are or may be privileged or

14  subject to work product protection, including because those privileges or protections may be held

15  by entities other than Fortress.  Fortress objects to the extent that this request seeks information

16  that is not relevant to the claim or defense of any party to the litigation, or is not reasonably

17  calculated to lead to the discovery of admissible evidence.  Fortress objects that this request is

18  overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to

19  Fortress, including because it is not limited in time or subject matter.  Fortress also objects that

20  this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary

21  expense to Fortress, including because of the breadth of the requested materials and documents.

22  Fortress objects to this Request as vague and ambiguous with respect to the terms and/or phrases

23  "Related Patents." Fortress objects to the extent that this request purports to require the production

24  of information already produced by another entity.  Fortress further objects to this request to the

25  extent it seeks to obligate Fortress to generate documents "sufficient to Identify" or reach a

26  conclusion about the "personnel most knowledgeable."

27

28

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it is unaware of any documents in its possession, custody, or control that are responsive to this request.

**REQUEST NO. 18:**

All Documents Relating to or analyzing the value of, or purporting to value, any patent or group of patents owned or licensed by Fortress, CF VLSI Holdings LLC, or VLSI.

**RESPONSE TO REQUEST NO. 18:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, the proper scope of the request, as well as whether Intel has a legal basis to request such documents via subpoena from non-party Fortress.

**REQUEST NO. 19:**

All Documents Relating to any legal proceeding or any threatened legal proceeding— including, but not limited to any lawsuits, judicial proceedings, arbitrations, patent interference proceedings, appeal proceedings, reissue or reexamination proceedings, or patent oppositions or

1  cancellation proceedings—Relating to each and any of the Asserted Patents and/or Related
2  Patents.
3  **RESPONSE TO REQUEST NO. 19:**
4         Fortress incorporates by reference its General Objections.  Fortress objects to the extent
5  that this request seeks the production of documents or materials that are or may be privileged or
6  subject to work product protection, including because those privileges or protections may be held
7  by entities other than Fortress.  Fortress objects to the extent that this request seeks information
8  that is not relevant to the claim or defense of any party to the litigation, or is not reasonably
9  calculated to lead to the discovery of admissible evidence.  Fortress objects that this request is
10  overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to
11  Fortress, including because it seeks "All Documents" and is not limited in time or subject matter.
12  Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing,
13  and imposes unnecessary expense to Fortress, including because of the breadth of the requested
14  materials and documents.  Fortress objects to this Request as vague and ambiguous with respect to
15  the terms and/or phrases "Related Patents." Fortress objects to the extent that this request purports
16  to require the production of information already produced by another entity.
17         Subject to the foregoing and without waiver of its general or specific objections, Fortress
18  responds it will produce relevant non-privileged and responsive documents within its possession,
19  custody, or control (to the extent that such documents exist and are located after a reasonable
20  search).
21  **REQUEST NO. 20:**
22         All Documents, Communications, and Things referring or Relating to any involvement by
23  Fortress and/or Michael Stolarski in the formation of VLSI and/or CF VLSI Holdings LLC.
24  **RESPONSE TO REQUEST NO. 20:**
25         Fortress incorporates by reference its General Objections.  Fortress objects to the extent
26  that this request seeks the production of documents or materials that are or may be privileged or
27  subject to work product protection, including because those privileges or protections may be held
28  by entities other than Fortress.  Fortress objects to the extent that this request seeks information

that is not relevant to the claim or defense of any party to the litigation, or is not reasonably

calculated to lead to the discovery of admissible evidence. Fortress objects that this request is

overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to

Fortress, including because it seeks "All Documents, Communications, and Things" and is not

limited in time or subject matter. Fortress also objects that this request is overly broad, unduly

burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including

because of the breadth of the requested materials and documents. Fortress objects to the extent

that this request purports to require the production of information already produced by another

entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress

responds it will produce relevant non-privileged and responsive documents within its possession,

custody, or control (to the extent that such documents exist and are located after a reasonable

search).

**REQUEST NO. 21:**

All Documents, Communications, and Things referring or Relating to any Fortress

employee, officer, or director's status, including without limitation Eran Zur's status, as an

"authorized signatory" for VLSI and/or CF VLSI Holdings LLC.

**RESPONSE TO REQUEST NO. 21:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent

that this request seeks the production of documents or materials that are or may be privileged or

subject to work product protection, including because those privileges or protections may be held

by entities other than Fortress. Fortress objects to the extent that this request seeks information

that is not relevant to the claim or defense of any party to the litigation, or is not reasonably

calculated to lead to the discovery of admissible evidence. Fortress objects that this request is

overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to

Fortress, including because it seeks "All Documents, Communications, and Things" and is not

limited in time or subject matter. Fortress also objects that this request is overly broad, unduly

burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including

because of the breadth of the requested materials and documents.  Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, the proper scope of the request, as well as whether Intel has a legal basis to request such documents via subpoena from non-party Fortress.

**REQUEST NO. 22:**

All agreements between Fortress, on the one hand, and VLSI and/or CF VLSI Holdings LLC, on the other hand.

**RESPONSE TO REQUEST NO. 22:**

Fortress incorporates by reference its General Objections.  Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress.  Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence.  Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All agreements" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents.  Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress is willing to meet-and-confer with Intel regarding the subject matter of this request, the proper scope of the request, as well as whether Intel has a legal basis to request such documents via subpoena from non-party Fortress.

**REQUEST NO. 23:**

All agreements between Michael Stolarski, on the one hand, and Fortress, VLSI, and/or CF VLSI Holdings LLC, on the other hand.

**RESPONSE TO REQUEST NO. 23:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All agreements" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce non-privileged and responsive documents reasonably related to the subject matter of this action within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

**REQUEST NO. 24:**

All Documents Relating to the Asserted Patents.

**RESPONSE TO REQUEST NO. 24:**

Fortress incorporates by reference its General Objections. Fortress objects to the extent that this request seeks the production of documents or materials that are or may be privileged or subject to work product protection, including because those privileges or protections may be held by entities other than Fortress. Fortress objects to the extent that this request seeks information that is not relevant to the claim or defense of any party to the litigation, or is not reasonably

calculated to lead to the discovery of admissible evidence. Fortress objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because it seeks "All Documents" and is not limited in time or subject matter. Fortress also objects that this request is overly broad, unduly burdensome, oppressive, harassing, and imposes unnecessary expense to Fortress, including because of the breadth of the requested materials and documents. Fortress objects to the extent that this request purports to require the production of information already produced by another entity.

Subject to the foregoing and without waiver of its general or specific objections, Fortress responds it will produce relevant non-privileged and responsive documents within its possession, custody, or control (to the extent that such documents exist and are located after a reasonable search).

Dated: January 11, 2018

Respectfully Submitted,

By: _____ /s/ Craig Allison _____

Henry C. Bunsow (SBN 60707)
Denise De Mory (SBN 168076)
Craig Y. Allison (SBN 161175)
John Beynon (SBN 233581)
Dino Hadzibegovic (SBN 267489)
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: ddemory@bdiplaw.com
Email: callison@bdiplaw.com
Email: jbeynon@bdiplaw.com
Email: dhadzibegovic@bdiplaw.com

*Counsel for Non-Party*
FORTRESS INVESTMENT GROUP LLC

# CERTIFICATE OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action. My business address is 701 El Camino Real, Redwood City, CA 94063.

On January 11, 2018, I served on the interested parties in said action the within:

**OBJECTIONS AND RESPONSES TO INTEL CORPORATION'S NOTICE OF SUBPOENA TO FORTRESS INVESTMENT GROUP LLC**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the following manner.

William F. Lee (MA SBN 291960)
Dominic E. Massa (MA SBN 564694)
Jordan L Hirsch (MA SBN 660407)
Louis W. Tompros (MA SBN 657791)
**WILMERHALE LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6556
Facsimile: (617) 526-5000
Email: William.lee@wilmerhale.com
Email: dominic.massa@wilmerhale.com
Email: jordan.hirsch@wilmerhale.com
Email: louis.tompros@wilmerhale.com

David Charles Marcus (SBN 158704)
**WILMERHALE LLP**
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
213-443-5300
Fax: 213-443-5400
Email: david.marcus@wilmerhale.com

Mark D. Selwyn (SBN 244180)
Kathryn Zalewski (SBN 263119)
Liv L. Herriot (SBN 267694)
Evelyn Chi-Lin Mak (SBN 258086)
Sharchun Dennis Wang (SBN 261296)
**WILMERHALE LLP**
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: mark.selwyn@wilmerhale.com
Email: kathryn.zalewski@wilmerhale.com
Email: liv.herriot@wilmerhale.com
Email: evelyn.mak@wilmerhale.com
Email: dennis.wang@wilmerhale.com

Amanda Leigh Major (DC SBN 495968)
**WILMERHALE LLP**
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
202-663-6304
Fax: 202-663-6363
Email: amanda.major@wilmerhale.com

☐ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier.

☐ (PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the offices of each interested party.

☒ (EMAIL/ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on January 11, 2018, at Redwood City, California.

| Jessika Sprague | /s/ Jessika Sprague |
|---|---|
| (Type or print name) | (Signature) |

v